IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CRAIG ALEX LEVIN | : | NO. 19-728 |

MEMORANDUM

Bartle, J.                                                    May 13, 2020

      Defendant, Craig Alex Levin, has been indicted for using the internet to persuade and induce a minor to engage in sexual activity (18 U.S.C. § 2422(b)) and travelling in foreign commerce, that is from the United States to the Philippines for the purpose of engaging in illicit sexual conduct with a minor (18 U.S.C. § 2423(b), (e), and (f)).  He is currently in the custody of the Philippines authorities and awaiting removal to the United States.  Before the court is his motion to dismiss the indictment, which was unsealed on February 18, 2020.

      The Government filed a criminal complaint against Levin prior to the issuance of the indictment.  In the criminal complaint, there is mention of three Filipina female minors with whom Levin was alleged either to have had sexual relations or had some sexual involvement.  The indictment references only one minor.

Defendant contends that an investigation in the Philippines has revealed the identity of the three minors.  He has provided affidavits of two of them who recant their previous statements implicating defendant and now deny ever having had any sexual involvement with him.  While he has been unable to locate the third female, defendant has presented an affidavit of a close friend of hers who was also referenced in the criminal complaint.  The close friend swears that the third female had been forced by the Philippines police to say falsely she had sex with the defendant.  All three affiants state they would testify for the defendant if they are able to travel to the United States.  Each affidavit was purportedly made under oath before a notary public in the Philippines.[1]

Levin argues that the indictment against him must be dismissed because there was perjured testimony before the grand jury which was material to the indictment.  The Government opposes the defendant's motion.

The defendant's motion is without merit.  The motion is based solely on the aforesaid affidavits which contradict what is contained in the criminal complaint about the three minors.  To succeed in having the indictment dismissed, the

---

1. Defendant also complains, about the "squalid" conditions of the detention facility in which he has been held for many months in the Philippines while awaiting removal.  This court, of course, has no control over his current detention.

defendant must show that perjured testimony was presented to the grand jury and that the defendant was prejudiced.  <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 256 (1988); <u>United States v. Soberon</u>, 929 F.2d 935, 939-41 (3d Cir. 1991).  At this early stage of the action, defendant does not have the grand jury transcripts and thus does not know on what testimony the grand jury relied in returning the indictment.[2]  Thus no perjury or prejudice has been or can be established at this time.

      Finally, the court, at this point, gives no credence to the three affidavits presented in support of the defendant's motion without having more information about the young affiants and the circumstances surrounding the execution of their affidavits.

      Accordingly, the motion of the defendant to dismiss the indictment will be denied.

---

2. The court previously denied the defendant's motion for discovery without prejudice as premature and noted that the court still did not yet have personal jurisdiction over the defendant since he was still in Philippine custody.  The court further stated: "The Government is rightly concerned about the use the defendant or the defendant's counsel in the Philippines may make of the information during what could be a prolonged period before defendant is present in the Eastern District of Pennsylvania." <u>U.S. v. Levin</u>, Criminal Action No. 19-728 (E.D. Pa. Mar. 30, 2020).