```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :         CRIMINAL ACTION
                                :
          v.                    :
                                :
CRAIG ALEX LEVIN                :         NO. 19-728
```

MEMORANDUM

Bartle, J.                                      December 19, 2022

Before the court is the motion of defendant Craig Alex Levin to withdraw his guilty plea. The court held a hearing on the motion.

Defendant, an American citizen, was the subject of a superseding indictment containing sixteen counts. The charges all relate to defendant's travel to the Philippines for the purpose of having sex with underage girls.

The defendant had indicated on two occasions in early 2021 his desire to plead guilty. Each time, however, he changed his mind in the midst of the hearing, and no guilty plea was entered. Finally, on June 23, 2022, over a year after the grand jury issued the superseding indictment, he signed a written plea agreement. On June 29, 2022, defendant pleaded guilty to six of the sixteen counts: Counts 6 and 9 charging foreign travel to engage in sex with a minor (18 U.S.C. § 2423(b)); Count 11 charging attempted sex trafficking of a minor (18 U.S.C. § 1591); Counts 13 and 14 charging distribution of child

pornography (18 U.S.C. § 2252(a)(2) and (b)(1)); and Count 16 charging transportation of child pornography (18 U.S.C. § 2252(a)(1)).

Defendant entered his guilty plea after being sworn to tell the truth and after an extensive and detailed colloquy in open court conducted in accordance with Rule 11(b) of the Federal Rules of Criminal Procedure.  The court reviewed with him his rights as well as the maximum and mandatory minimum penalties he faced.  He understood he faced a maximum penalty of 30 years on each of Counts 6 and 9, a maximum penalty of life imprisonment on Count 11, and a maximum penalty of 20 years and a mandatory minimum penalty of 5 years on each of Counts 13, 14, and 16.  He was also aware that the court could impose the sentences consecutively.  He knew he would have to register as a sex offender.  The charges and their elements were explained to him.  He was specifically advised that an essential element of the charges in Counts 6 and 9 included foreign travel "for the purpose of engaging in a sexual act with a minor or for the purpose of providing child pornography."  The facts the Government expected to prove were recited in a Change of Plea Memorandum which he had read and discussed with his attorney.  He agreed to the accuracy of the recited facts and admitted he was in fact guilty as charged.  The court found that he had not been threatened, coerced or forced to sign his plea agreement or

to plead guilty, that no undisclosed promises had been made, that he was competent to plead, that he understood his rights, and that his plea was knowing and voluntary.  He also stated he had ample discussions with his lawyer about his case and was satisfied with his lawyer's representation.[1]  Defendant, it should be noted, has a master's degree and had taught for many years in a school district in the Philadelphia suburbs.

A defendant may withdraw a guilty plea under Rule 11(d)(2)(B) if "the defendant can show a fair and just reason for requesting the withdrawal."  The defendant's burden is "substantial."  United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).  The court must consider three factors in deciding whether to grant defendant's motion.  They are: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal."  United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting Jones, 336 F.3d at 252); United States v. Chesney, 308 F.App'x 639 (3d Cir. 2009).

---

1.  At his request, the court had appointed him a new lawyer several months before he signed his guilty plea agreement.  On November 5, 2022, a third lawyer, who was retained, entered his appearance to replace his second lawyer who had represented him at the guilty plea hearing.

Defendant took the stand at the hearing and asserted his innocence. To support that assertion, he testified that while he had had sex with underage girls in the Philippines, he did not travel there for that purpose. Instead, he stated that his reason for traveling to that country was to live there after his retirement as a school teacher. He would return to the United States for a few weeks or a month at regular intervals only because the Philippines did not allow foreigners to remain within its borders for more than six months at a time. This testimony as to his purpose in going to the Philippines is contrary to what he conceded at the guilty plea hearing and to what he previously had stated in a proffer to the Government in 2021. See Notice of Intent to Admit Defendant's Proffer Statements, Doc. #64 at 3-4. At the plea hearing, he agreed, as set forth in the Change of Plea Memorandum, that each time he traveled to the Philippines "commercial sex with minors was a motivating purpose of his travel." Doc. #101 at 7.

He further stated that he had pleaded guilty because his lawyer persuaded him that his defense that he simply traveled to the Philippines to live there rather than to have sex with minors was not viable since he did not own a home in the Philippines but instead rented a condo. Again, at the plea hearing, he specifically agreed that he had traveled to that country to have sex with minors.

Finally, in support of his claim of innocence he maintains that his attorney in urging him to plead guilty did not know about three affidavits provided by underage girls to defendant's attorney in the Philippines.[2]  In each affidavit, the affiant either recanted statements to authorities that she had sex with defendant or denied having knowledge that he had any illegal sex.  Defendant, however, was fully aware of the affidavits and their contents when he pleaded guilty but still entered his plea.

Defendant is blaming his lawyer for his guilty plea. He is in effect alleging ineffective assistance of counsel.  To withdraw a guilty plea on this basis, he must show "that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms" and that "he suffered 'sufficient prejudice' from his counsel's errors." Jones, 336 F.3d at 254-54.  The evidence against defendant is strong. Defendant testified credibly at his guilty plea hearing that he had ample opportunity to discuss his case with his attorney and that he was satisfied with his attorney's representation of him. Defendant has not met the high bar to establish that his attorney was ineffective.  Significantly, defendant did not call

---

2.   Defendant testified that there may have been a fourth affidavit, but this affidavit has not been produced.

-5-

as a witness the attorney representing him at the guilty plea hearing.

Defendant also testified that he pleaded guilty because he was "under duress." The duress, according to defendant, resulted from his having spent over three years first in squalid Philippines pretrial detention and then in pretrial detention in Philadelphia. While time in a prison is certainly not pleasant, it does not provide defendant a credible basis to withdraw a guilty plea. The court finds that he testified truthfully at his guilty plea hearing that no one threatened him, coerced him or forced him to plead guilty and that his plea of guilty was made of his own free will.

The court finds that defendant has not shown any credible evidence of his innocence and that he has not come forward with any meritorious reasons to withdrawn his guilty plea.

Finally, there is the issue of prejudice to the Government by any withdrawal of defendant's guilty plea. Since defendant has failed in his assertion of innocence and in providing adequate reasons to withdraw his plea, the court does not need reach this third issue. See, Jones, 336 F.3d at 255.

Defendant is well-educated. He testified under oath on June 29, 2022 that he was guilty of the six counts to which he pleaded guilty. He admitted he was in fact guilty as

charged.  His plea was knowing and voluntary.  At the hearing on the motion to withdraw his plea, his testimony materially contradicted his testimony on June 29, 2022.  Both cannot be truthful.  The court finds that his testimony on June 29, 2022 was truthful and that his recent testimony was not truthful to the extent he seeks to undermine the veracity of his earlier guilty plea.

      Defendant has not demonstrated any fair and just reason to withdraw his guilty plea.  His motion to withdraw his guilty plea will be denied.