```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
        v.                      :
                                :
CRAIG ALEX LEVIN                :        NO. 19-728
```

                              MEMORANDUM

Bartle, J.                                         February 10, 2025

        Defendant Craig Alex Levin, as a result of a judgment entered on May 9, 2023, is currently serving a sentence of 420 months.[1] The court ordered him to pay a total of $63,000 in restitution and special assessments under the Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, and the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299. The judgment further provided that defendant pay restitution at the rate of $2,800 per month beginning sixty days after May 9, 2023 (Doc. # 156). Defendant is a retired schoolteacher who receives a pension from the Pennsylvania Public School Employees' Retirement System ("PSERS").

---

1. Defendant pleaded guilty to: two counts of interstate and foreign travel for the purpose of engaging in illicit sexual conduct with a minor (18 U.S.C. §§ 2423(b), (f)); one count of attempted sex trafficking of a minor (18 U.S.C. §§ 1591(a)(1), (b)(2), (c), 1594, and 1956(a)(1)); two counts of distribution of child pornography (18 U.S.C. §§ 2252(a)(2), (b)(1)); and one count of transportation of child pornography (18 U.S.C. §§ 2252(a)(1) and (b)).

Before the court are defendant's pro se December 26, 2024 "written objection to garnishment" (Doc. # 180) and his January 17, 2025 motion "for relief to stop payment and to quash the court['s] garnishment order" (Doc. # 184). In these filings, he argues that his pension distributions may not be further garnished. Defendant asserts that the Government may not access the remaining 75% of his monthly pension distribution because he has a "prior oral agreement" with his son, Jared Levin, that the funds belong to his son and that his son "is entitled to do what he please with [his own] funds." According to defendant, these payments are being made to honor "a prior debt [defendant] was obligated to pay" before he was sentenced. PSERS is paying defendant's remaining pension distribution to his son's bank account.

On September 11, 2023, this court issued a Writ of Garnishment upon the Government's request. The Government served a copy of this Writ on counsel for defendant and his son on September 28, 2023. The garnishee, PSERS, filed its answer to the Writ on October 6, 2023. Under 28 U.S.C. § 3202, defendant had twenty days after receipt of the answer, that is until October 26, 2023, to file any written objection. See 28 U.S.C. § 3202. Neither defendant nor his son did so. The Government moved for entry of a garnishment order on August 12,

2024 (Doc. # 166).  Three days later, on August 15, 2024, the court granted the Government's motion (Doc. # 167).

The garnishment order provides that PSERS shall pay the lesser of "25 percent of the monthly pension of the defendant" or "amounts by which the disposable earnings of the defendant, for a one-week period exceed 30 times the federal minimum hourly wage."  Pursuant to this order, the remaining 75% of defendant's monthly pension is distributed pursuant to defendant's direction.

On December 19, 2024, the court denied defendant's request for a partial refund of his restitution payment and clarified the method by which defendant was to pay his restitution obligation.  It ordered that defendant "shall continue to pay restitution" through, among other sources,

> an additional payment of $2,000 per month from funds payable to or received by him, or his successors or assigns, after garnishment of 25% of his monthly pension distribution until satisfaction of his restitution balance or further Order.  This amount may be paid through any collection action by the government the court may order[.]

Order at 2, United States v. Levin, Crim. A. No. 19-728 (E.D. Pa. Dec. 19, 2024) (Doc. # 179).

The Government represents that it has not initiated any collection action beyond the garnishment of 25% of defendant's pension payments.  If the Government seeks to collect any of the funds transmitted to Jared Levin's account,

-3-

Jared Levin will be notified and will have a right to a hearing before any funds in his name are seized.

It appears that, at this point, defendant is not objecting to the garnishment of 25% of his pension and in any event, such objection would be untimely. Defendant instead appears to be challenging the Government's right to assert ownership over the remaining 75% of his monthly pension distribution.

If, as defendant states, those funds actually belong to defendant's son, it is the son, and not the defendant, who has standing to challenge any seizure. For a party to have standing under Article III of the Constitution, he or she must identify a concrete injury particularized to himself or herself. See Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 220-22 (1974). Plainly, defendant is not injured if the Government seeks payment of restitution and special assessments from his son's assets.

The defendant references a "prior oral agreement" between him and his son that the remaining 75% of his pension is the property of his son. Defendant does not state the date on which they entered into this oral agreement. Defendant was arrested on May 24, 2019 and the judgment of sentence was entered on May 9, 2023. The Government represents that PSERS has been depositing defendant's monthly pension distributions

into Jared Levin's account since July 2020. Even if such an agreement between defendant and his son exists, issues of fraudulent transfer may have to be decided if the Government moves to seize any of the remaining 75% of defendant's pension. See 28 U.S.C. §§ 3304-07.

Pursuant to the court's order of December 19, 2024, no seizure of the funds in issue will take place without court approval. Consequently, the motion of defendant "for relief to stop payment and to quash the courts garnishment order" and his "written objection to garnishment," which are properly construed as motions related to the remainder of his pension after garnishment, will be denied as moot.