IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CRAIG ALEX LEVIN | : | NO. 19-728 |

MEMORANDUM

Bartle, J.                                                     August 4, 2025

Before the court is the pro se motion of defendant Craig Alex Levin for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 189).

On June 23, 2022, defendant pleaded guilty to one count of foreign travel to engage in sex with a minor (18 U.S.C. § 2423(b) and (t)), one count of attempted sex trafficking of a minor (18 U.S.C. §§ 1591(a)(1), (b)(2), (c), 1594, and 1596(a)(1)), two counts of distribution of child pornography (18 U.S.C. § 2252(a)(2), (b)(1)), and one count of transportation of child pornography (18 U.S.C. § 2252(a)(1) and (b)).[1]  Defendant was sentenced to 420 months of incarceration on May 9, 2023.  He was also ordered to pay restitution of $30,000, an assessment of $30,000 pursuant to 18 U.S.C. § 3014, a special assessment of

---

1.  On November 15, 2022, defendant moved to withdraw his guilty plea (Doc. # 116).  The court held a hearing on this motion and ultimately denied the motion.  See Doc. # 123, 124.  He moved to withdraw his guilty plea once more, basing his motion on ineffective assistance of counsel.  A second hearing was held and the court again denied this relief.  See Doc. # 137, 138.

$600, and $3,000 in additional assessments.  The Court of Appeals affirmed on September 20, 2024.  See United States v. Levin, No. 23-1911, 2024 WL 4249487 (3d Cir. Sept. 20, 2024).

Generally, the court may not modify a sentence once it is imposed.  18 U.S.C. § 3582(c).  However, under Section 3582(c)(1)(A)(i), the court may reduce a term of previously imposed imprisonment if warranted "for extraordinary and compelling reasons."  That authority is circumscribed in several ways.  The court is required to consider the factors under 18 U.S.C. § 3553(a) to the extent applicable.  Any reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).

Section 1B1.13(b) of the Sentencing Guidelines sets forth multiple circumstances which qualify as extraordinary or compelling reasons.  Rehabilitation alone may not serve as a basis for compassionate release.  See 28 U.S.C. § 994(t); see also U.S. Sent'g Guidelines § 1B1.13(d).

Defendant has the burden of establishing his entitlement to compassionate release.  See United States v. Hampton, 985 F.3d 530, 533 (6th Cir. 2021); see also United States v. Neal, Crim. A. Nos. 08-628, 10-685, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020).  Under 18 U.S.C. § 3582(c)(1)(A)(i), he must prove an extraordinary and compelling reason for a reduction in sentence.

Defendant seeks compassionate release under two subsections of the Sentencing Guidelines.  First, he seeks relief pursuant to § 1B1.13(b)(1)(D), which states:

> The defendant presents the following circumstances—
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

He argues that his age and medical conditions, in combination with the risk that he may contract Covid-19, justifies compassionate release.  He also notes that his age and medical conditions increase the risk that he may develop "long Covid-19," that is symptoms that persist once an active infection of Covid-19 has resolved.

Defendant fails to show that F.C.I. Berlin, where he is housed, is a correctional facility "affected or at imminent risk of being affected" by an ongoing outbreak of infectious disease or ongoing public health emergency.  It is not currently being affected or at imminent risk of being affected by a Covid-

19 outbreak. There are presently two active cases of Covid-19 at that facility, and approximately 50% of the population is vaccinated against the disease. See Inmate Covid-19 Data, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.

The "mere existence of COVID-19 in society . . . cannot independently justify compassionate release[.]" United States v. Stewart, 86 F.4th 532, 536 (3d Cir. 2023) (quoting United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). Accordingly, his motion for compassionate release will be denied to the extent he relies on 1B1.13(b)(1)(D) to establish an extraordinary and compelling reason justifying release.

Defendant also seeks relief under § 1B1.13(b)(5), which requires that the defendant demonstrate "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

Defendant asserts that he has not received a "booster" shot for Covid-19. His last vaccination against Covid-19 was on December 22, 2021. According to defendant, he has requested on multiple occasions a booster vaccine over the past year and has been informed that he is on a waiting list for the same. Defendant should seek the administration of a booster shot

-4-

through an administrative grievance.  Being on the waiting list for a Covid-19 vaccination for a year does not constitute an extraordinary and compelling reason for compassionate release.

Defendant discusses in detail the conditions of his incarceration in the Philippines, where he was arrested for his criminal offenses before being extradited to the United States. He asserts that the facility was overcrowded, did not have flushable toilets, and was infested with rats and cockroaches. These conditions, which he experienced almost five years ago, do not justify his release from prison in the United States.

Finally, he asserts that the Bureau of Prisons has failed to protect him from other inmates.  He asserts he has been assaulted three times while incarcerated in the United States while housed at three facilities over a period of approximately five years.  He alleges he was slapped in the face on August 9, 2022.  On April 2, 2024, he purportedly suffered a laceration to his upper lip and bruising.  While he initially attributed this event to a fall, he now attributes this event to an assault.  On December 3, 2024, he states he suffered a slap once more, which caused bruising to the left side of his face. None of these incidents has caused lasting injuries.  He does not establish that the Bureau has failed to address his concerns.

-6-

For these reasons, the motion of Levin for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) will be denied.